UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID D. JOHNSON, | ) |
| Plaintiff, | ) CIV 04-0109 PHX JWS |
| vs. | ) ORDER AND OPINION |
| JOANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) [Re: Motions at Docket Nos. 21 and 26] |
| Defendant. | ) |

## I.  MOTIONS PRESENTED

At docket 21, plaintiff David D. Johnson moves for summary judgment.  At docket 26, defendant JoAnne B. Barnhart, Commissioner of Social Security Administration ("SSA") opposes the motion and cross-moves for summary judgment.  Plaintiff's amended reply is filed at docket 37.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

This dispute arises from defendant's denial of plaintiff's application for social security disability benefits.  Plaintiff David Johnson was previously employed at two gas station mini-mart stores.[1]  On April 21, 1997, Johnson filed applications for disability insurance benefits ("DIB")[2] and supplemental security income payments ("SSI")[3] under Titles II and XVI of the Social Security Act ("the Act").[4]  Johnson alleged a disability onset date of June 3, 1993,[5] and identified his debilitating health conditions as breathing problems, coughing, lack of energy, and being HIV positive.[6]  In June 1996, Johnson commenced treatment for chronic obstructive pulmonary disease ("COPD").  Johnson's earning records indicate that he was insured on the alleged disability onset date and that his insured status ended on June 30, 1997.[7]

The SSA denied Johnson's application for disability benefits.[8]  The decision was upheld on reconsideration.[9]  Johnson requested and received a hearing before an

---

[1] Administrative Record ("AR") at 87, doc. 7A.  Hereinafter, references to the administrative record will simply include AR and the bates number.

[2] AR 63-65.

[3] AR 238-239.

[4] 42 U.S.C. §§ 401-433, 1381-1383c.

[5] AR 63.

[6] AR 98.

[7] AR 17.

[8] AR 35-38.

[9] AR 41-44.

administrative law judge ("ALJ").[10]  By decision dated December 30, 1998, the ALJ concluded that Johnson was not disabled within the meaning of the Act.[11]  The ALJ specifically found that Johnson had the residual functional capacity to perform light work-related activity, except for work involving exposure to noxious fumes, dusts, and pollens.[12]  Accordingly, the ALJ concluded that, based on the applications filed on April 21, 1997, Johnson was not entitled to DIB or SSI.[13]  The Social Security Appeals Council denied Johnson's request for review of the ALJ's decision.[14]  Plaintiff now seeks judicial review of the ALJ's decision.  Jurisdiction is conferred by 42 U.S.C. § 405(g).

### III.  STANDARD OF REVIEW

For purposes of the Social Security Act, a "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected...to last for a continuous period of not less than 12 months."[15]  A person is not disabled if he or she is capable of engaging "in any...kind of substantial gainful work which exists in the national economy."[16]

The Social Security Administration ("SSA") has promulgated regulations for evaluating disability benefit claims.  The regulations set forth a five-part sequential

---

[10]AR 45.

[11]AR 14-23.

[12]AR 23.

[13]AR 23.

[14]AR 7.

[15]42 U.S.C. § 423(d)(1)(A).

[16]42 U.S.C. § 423(d)(2).

inquiry.[17]  First, the SSA determines whether the claimant is working and engaging in substantial gainful activity.  If the claimant is working and the work is substantial gainful activity, the claimant is determined not disabled.[18]  Second, the SSA assesses whether the impairment is severe; that is, whether the impairment or combination of impairments significantly limits basic work activities.  If the impairment is not severe, the claimant is not disabled.[19]  Third, the SSA considers whether the claimant's disability meets or equals a listed impairment included in an appendix to the regulations.  If so, the claimant will be considered disabled regardless of age, education, or work experience.[20]

Fourth, the SSA determines the claimant's residual functional capacity ("RFC") and whether the claimant retains the capacity to perform work which the claimant has performed in the past fifteen years.  If the claimant is capable of performing past work, the claimant is not disabled.[21]  Fifth, the SSA determines whether the claimant is capable of performing any other work in the national economy.  If the claimant is capable of performing any other work, the claimant is not disabled.[22]  The burden is on the claimant to establish the inability to perform past relevant work because of a severe

---

[17] See *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001).

[18] 20 C.F.R. § 404.1520(b).

[19] 20 C.F.R. § 404.1520(c).

[20] 20 C.F.R. § 404.1520(d).

[21] 20 C.F.R. § 404.1520(e).

[22] 20 C.F.R. § 404.1520(f).

impairment.[23]  If the claimant meets this burden, the burden shifts to the SSA to "identify other jobs that the claimant is capable of performing."[24]

Upon denial of disability benefits by an ALJ, a claimant may request the SSA Appeals Council to review the ALJ's decision.[25]  "Where, as here, the Appeals Council denies a request for review of an ALJ's decision, the decision of the ALJ represents the final decision of the Commissioner."[26]  The claimant may then seek judicial review of the ALJ's decision by the district court.[27]  On de novo review, the district court may enter, upon the pleadings and a transcript of the record, a judgment affirming, modifying, or reversing the ALJ's decision, with or without remanding the case for a rehearing.[28]  The ALJ's decision must be upheld if it is supported by substantial evidence and the ALJ applied the correct legal standards.[29]  "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[30]  When evidence supports

---

[23]See *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990) (citations omitted).

[24]42 U.S.C. § 405(g).

[25]20 C.F.R. § 404.967.

[26]*Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004) (citing 20 C.F.R. § 404.981).

[27]42 U.S.C. § 405(g).

[28]42 U.S.C. § 405(g).

[29]*Howard v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2001).

[30]*Id.* (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)).

either confirming or reversing the ALJ's decision, the reviewing court may not substitute its judgment for that of the ALJ.[31]

## IV.  DISCUSSION

At issue is whether the ALJ applied the proper legal standards and whether there is substantial evidence in the record as a whole to support the ALJ's decision denying disability benefits to Johnson.  It is undisputed that plaintiff was insured under the Act through June 30, 1997, and that the ALJ employed the sequential five-step process set forth above in determining whether plaintiff was under a "disability" as defined in the Act during the applicable time period.

At step one, the ALJ accepted plaintiff's allegation that he has performed no substantial gainful activity since the alleged disability onset date.  At step two, the ALJ found that plaintiff has two impairments which are considered "severe" within the meaning of the Act, namely COPD and HIV positive condition.  At step three, the ALJ found that plaintiff's impairments, alone or in combination, do not meet or equal a listed impairment.  At step four, the ALJ determined that plaintiff has the residual functional capacity to perform light work-related activity, except for work involving exposure to noxious fumes, dust and pollens, and that plaintiff retains the capacity to perform his past work as a cashier/clerk.  Alternatively, at step five, the ALJ determined that even if plaintiff were unable to perform his past relevant work as a cashier/clerk, "a significant

---

[31] *Batson*, 359 F.3d at 1196.

number of other jobs exist in the regional and national economy which he can perform consistent with his medical and vocational characteristics."[32]

Plaintiff makes five assignments of error regarding the ALJ's decision. First, plaintiff alleges that the ALJ improperly determined that plaintiff's assertions were not credible. Second, plaintiff alleges that the ALJ's determination of his residual functional capacity was not supported by substantial evidence. Third, plaintiff alleges that the ALJ incorrectly determined plaintiff's past relevant work. Fourth, plaintiff argues that the ALJ improperly found that plaintiff was able to perform his past relevant work. Fifth, plaintiff argues that the ALJ's determination that plaintiff was not disabled at age fifty-five is not supported by substantial evidence.

The court examines each of plaintiff's assignments of error in turn.

### A.   Whether the ALJ Improperly Determined that Plaintiff's Allegations Were Not Credible

Plaintiff argues that the ALJ improperly assessed the credibility of plaintiff's subjective symptom and functional limitation testimony. Plaintiff alleges that he is unable to work because of his breathing problems, fatigue, coughing, and depression.[33] The undisputed medical evidence establishes that plaintiff has COPD and is HIV positive, and has some mild depression.

---

[32] AR 23.

[33] AR 253, 270, 271.

"Where a claimant's testimony is medically supported, the ALJ 'can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'"[34]

Here, the ALJ stated the following reasons for rejecting plaintiff's testimony regarding the severity of his symptoms and his functional limitations: 1) no treating or examining physician has imposed any limitation on plaintiff's residual functional capacity due to plaintiff's symptoms of fatigue and shortness of breath, 2) the medical expert testified that plaintiff's shortness of breath and fatigue due to COPD would not prevent plaintiff from performing his past work, and 3) the medical expert testified that the possible side effects of medications prescribed to plaintiff would not prevent him from working.[35]

The ALJ also stated that objective medical evidence, including radiological and bronchodilator pulmonary function examinations, revealed no findings which reasonably support plaintiff's allegations of disability due to his impairments, but rather show that "claimant's COPD has improved significantly" and "his HIV positive condition has been controlled with medication."[36] The ALJ further found no evidence in the record to suggest that plaintiff's depression has lasted twelve months, or that this condition has prevented plaintiff from working. While subjective symptom testimony cannot be rejected solely because it is not fully corroborated by objective medical evidence,

---

[34]*Moore v. Commissioner of Social Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

[35]AR 21.

[36]AR 19.

medical evidence is still a relevant factor in determining the severity of plaintiff's symptoms and the effects of plaintiff's symptoms on his ability to work.[37] The ALJ's decision also notes that although plaintiff alleges a disability onset date of June 3, 1993, the medical records indicate that plaintiff did not seek any medical treatment for his alleged disabling conditions until May 1996, almost two years later. "The ALJ is permitted to consider lack of treatment in his credibility determination."[38]

Based on the clear, convincing, and specific reasons the ALJ offered for rejecting plaintiff's subjective symptom and functional limitation testimony and the substantial evidence in the record to support the ALJ's determination, the court concludes that the ALJ properly evaluated the credibility of plaintiff's testimony.

> **B.** **Whether the ALJ's Determination of Plaintiff's Residual Functional Capacity Was Supported by Substantial Evidence**

The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform light work-related activity, except for work involving exposure to noxious fumes, dust, and pollens.[39] Plaintiff alleges that the ALJ's determination of plaintiff's RFC is not supported by substantial evidence. Plaintiff specifically argues that his subjective symptoms, as corroborated by the medical expert, Dr. Fife, should have been included in the RFC.

For the reasons stated in the discussion above, the ALJ did not err in discrediting plaintiff's assertions regarding the severity of his symptoms and their effect on his ability

---

[37] *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); 20 C.F.R. § 404.1529(c)(2).

[38] *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

[39] AR 23.

to work. Moreover, the ALJ's determination of plaintiff's RFC is supported by substantial evidence in the record. Dr. Fife testified that the medical records show that plaintiff suffers from COPD, is HIV positive, and has experienced depression, but that none of these impairments alone or together meet or equal a listing. Dr. Fife further acknowledged plaintiff's breathing problems and fatigue, and concluded that in light of plaintiff's respiratory problems a limitation to light work activity would be reasonable, with the express limitation that plaintiff "needs to be in a situation where he's not exposed to noxious fumes, unusual dust, pollens, things like that that would aggravate his respiratory conditions."[40]

"[T]he findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings."[41] Here, the ALJ's RFC determination is also supported by clinical records showing that plaintiff's COPD had improved significantly by November 1997 and that his HIV positive condition had been controlled with medication. In addition, the ALJ's RFC determination is supported by the findings of a State agency reviewing physician who reviewed plaintiff's medical records and test findings and then assessed claimant's RFC, finding that "he could occasionally lift 50 pounds, frequently lift 25 pounds, could sit/stand or walk about 6 hours in an 8-hour [day] and had no limitations in his ability to push and or pull."[42]

---

[40] AR 259.

[41] *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996).

[42] AR 20.

For the reasons stated above, the ALJ's determination of plaintiff's RFC is supported by substantial evidence. Because the ALJ's determination is supported by substantial evidence and is not premised on legal error, the court concludes that the ALJ properly determined plaintiff's RFC.

### C. Whether the ALJ Correctly Determined Plaintiff's Past Relevant Work

At step four, claimant has the burden of showing that he can no longer perform his past relevant work.[43] Past relevant work is defined as work that plaintiff has done within the past fifteen years, that was substantial gainful activity, and that lasted long enough for plaintiff to learn to do it.[44] Plaintiff "has the burden of proving an inability to return to his former *type* of work and not just to his former job."[45]

In his decision, the ALJ classified plaintiff's past relevant work as that of a "cashier/clerk."[46] Plaintiff argues that the ALJ erred when he concluded that plaintiff's "past relevant work consisted of unskilled, sedentary gas station cashier/clerk or gas station mini-market cashier/clerk positions."[47] Citing *Vertigan v. Halter*, plaintiff argues that his duties as a cashier cannot be parsed out from his "main job".[48] Plaintiff does not state what his main job was. Moreover, the facts in *Vertigan* are clearly distinguishable

---

[43] *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(e) and 416.920(e).

[44] 20 C.F.R. § 404.1560(b)(1); *Vertigan v. Halter*, 260 F.3d 1044, 1051 (9th Cir. 2001).

[45] *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986) (emphasis in original).

[46] AR 23.

[47] Plaintiff's Brief in Support of Motion for Summary Judgment at 9, doc. 23.

[48] 260 F.3d 1044, 1051 (9th Cir. 2001) (citing *Valencia v. Heckler*, 751 F.2d 1082, 1087 (9th Cir. 1985)).

from the facts of this case.  In *Vertigan*, the ALJ determined that the claimant could perform her past relevant work as a cashier; however, the vocational expert ("VE") found claimant's past relevant work to be that of a pharmacy or sales clerk, not as a cashier, and the claimant testified that she had never worked exclusively as a cashier.  Here, the VE found plaintiff's past relevant work to be that of a "gas station cashier clerk," and plaintiff testified that his two most recent jobs were at gas station mini-marts and that his job duties consisted of clerking, running the cash register, cleaning up, and some stocking.  Plaintiff further testified that about half of an eight-hour day would be spent behind the cash register selling gas or other goods.[49]

For the reasons set out above, there is substantial evidence on the record to support the ALJ's finding that plaintiff's past relevant work included work as a cashier/clerk.

### D. Whether the ALJ Properly Determined that Plaintiff Was Able to Perform His Past Relevant Work

In determining whether plaintiff is able to perform his past relevant work, the ALJ looks at the plaintiff's residual functional capacity and the physical and mental demands of plaintiff's past relevant work.[50]  In order to find that plaintiff can perform past relevant work, plaintiff must be able to perform: 1) the actual functional demands and job duties of a particular past relevant job, or 2) the "functional demands and job duties of the occupation as generally required by employers throughout the national economy."[51]

---

[49] AR 266-267.

[50] *Pinto*, 249 F.3d at 844-845 (citing 20 C.F.R. §§ 404.1520(e) and 416.920(e)).

[51] *Id.* at 845 (citing SSR 82-61).

Here, the ALJ made the following specific findings: 1) plaintiff has the residual functional capacity to perform light work-related activity, except for work involving exposure to noxious fumes, dust and pollens; 2) plaintiff's past relevant work as a cashier/clerk did not require the performance of work-related activities precluded by the above limitation; and, 3) plaintiff's impairments have not prevented him from working as a cashier/clerk.  Alternatively, the ALJ found that even if plaintiff was unable to perform his past work as a cashier/clerk, "a significant number of other jobs exist in the regional and national economy which he can perform consistent with his medical and vocational characteristics."[52]

Plaintiff argues that "the ALJ could not lawfully have concluded that Mr. Johnson retained the capacity for past relevant work and was not disabled" when the VE's testimony indicated that an individual with the RFC defined by Dr. Fife would not be able to perform plaintiff's actual previous job.[53]  However, while the VE testified that given plaintiff's "light residual functional capacity with respiratory limits on dust, pollens...and noxious fumes," plaintiff could not perform his actual past relevant job, the VE further testified that plaintiff could go back to the work of a cashier/clerk as generally performed in the national or local economy.   As set forth above, a plaintiff can perform past relevant work if plaintiff can perform the "functional demands and job duties of the occupation as generally required by employers throughout the national economy."[54]

---

[52] AR 23.

[53] Plaintiff's Brief in Support of Motion for Summary Judgment at 11, doc. 23.

[54] *Pinto*, 249 F.3d at 845 (citing SSR 82-61).

The VE specifically testified that plaintiff could work in cashier/clerk positions at mini-marts and convenience stores that are inside and not exposed to gas fumes, and only require light stocking. The VE also testified that plaintiff could perform other jobs in the regional and national economy, such as an assembler, ticket seller, money counter, cashier checker, and cashier wrapper.[55]

Because there is substantial evidence in the record that plaintiff could perform his past relevant work as a cashier/clerk as generally performed in the national economy, the ALJ did not err in determining that plaintiff was able to perform his past relevant work.

### E. Whether the ALJ's Determination that Plaintiff Was Not Disabled at Age Fifty-Five Is Supported by Substantial Evidence

Plaintiff argues that the evidentiary record establishes that he "met the legal standard for a determination he was 'disabled' from at least his 55th birthday, July 24, 1998" because he "was not, by then, capable of performing his past relevant work."[56] Plaintiff acknowledges, however, that his insured status ended June 30, 1997. Plaintiff's argument is unavailing. Under the Act, an individual must be insured at the time that the individual suffers from the disability in order to receive benefit payments.[57] Here, the ALJ determined that plaintiff was not under a disability as defined by the Act during the time plaintiff was insured.

---

[55] AR 283.

[56] Doc. 23 at 12.

[57] *Flaten v. Secretary of Health & Human Services*, 44 F.3d 1453, 1459 (9th Cir. 1995) (citing 42 U.S.C. § 423 (a)(1)(A)-(D)).

## V.  CONCLUSION

Because substantial evidence supports the ALJ's determination that plaintiff was not disabled within the meaning of the Act as of plaintiff's last insured date, and the ALJ committed no legal error, the decision of the ALJ is affirmed.

For the reasons set out above, plaintiff's motion for summary judgment at docket 21 is **DENIED,** and defendant's cross-motion for summary judgment at docket 26 is **GRANTED**.

DATED at Anchorage, Alaska, this 12th day of October 2005.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE